IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JORDAN PURVIS, et al. on behalf of themselves and others similarly situated, | ) ) ) |
| | ) CASE NO. 3:21-cv-1738 |
| Plaintiffs, | ) ) JUDGE JACK ZOUHARY |
| v. | ) ) **PLAINTIFFS' MOTION FOR FINAL** |
| | ) **APPROVAL OF CLASS ACTION** |
| OSL RETAIL SERVICES CORPORATION, | ) **SETTLEMENT** |
| | ) |
| Defendant. | ) |

Representative Plaintiffs Jordan Purvis, Jacqueline Donnell and Sydni Remington ("Representative Plaintiffs"), on behalf of themselves and the members of proposed settlement Class ("Class Members"), respectfully request that this Court grant final approval of the settlement reached in this case pursuant to Fed. R. Civ. P. 23(e).

Notice of the proposed settlement in this case has been sent to the class and this settlement is ripe for final approval. Therefore, Representative Plaintiffs respectfully request that after the Fairness Hearing scheduled for May 18, 2023, the Court enter an Order:

1. Granting final approval of the Parties' settlement of the class action claims under Ohio, Pennsylvania and New York law brought pursuant to Fed. R. Civ. P. 23, as reflected in the Class Action Settlement Agreement and Release (ECF No. 35-1);

2. Granting final approval of a payment to Class Counsel of $266,666.67 in attorney's fees (representing one-third of the Global Settlement Fund) and $10,915.26 in litigation expenses;

3. Granting final approval of a Service Awards to Representative Plaintiffs in the amount of $6,000.00 each; and

4. Dismissing this case with prejudice.

A proposed Order and Judgment Entry is attached as Exhibit 1. The reasons for this Motion are as follows:

I.     **RELEVANT PROCEDURAL HISTORY**

On September 7, 2021, Representative Plaintiff Jordan Purvis filed this Action, alleging that Defendant violated the FLSA and Ohio Minimum Fair Wage Standards Act ("OMFWSA") by failing to pay Plaintiff and other similarly situated employees all of their overtime pay.[1] On September 29, 2021, Representative Plaintiffs Jordan Purvis, Jacqueline Donnell, and Sydni Remington filed an Amended Complaint alleging that Defendant violated the FLSA and Ohio Minimum Fair Wage Standards Act ("OMFWSA"), Pennsylvania state laws, and New York state laws by failing to pay Plaintiffs and other similarly situated employees all of their overtime pay

The Parties engaged in a private mediation on May 16, 2022. At the conclusion of a full day of mediation, during which the Parties were able to debate the merits and alleged damages at issue in the Action, the Parties reached an agreement to resolve all claims asserted in the Action.

On September 27, 2022, the Court granted preliminary approval of Class Action Settlement, set a fairness hearing for June 12, 2023, approved the notice of settlement to the class, and directed the Parties to send notice to Class Member informing them of the pendency of this action, the proposed settlement, and the date of a Fairness Hearing. (ECF No. 36). On December 6, 2022, the Court rescheduled the Fairness Hearing until March 15, 2023 and on March 9, 2023, the Court rescheduled the Fairness Hearing until May 18, 2023.

The Parties engaged Analytics Consulting, LLC as the Settlement Administrator. (*See* Declaration of Jeffrey J. Mitchell (hereinafter "Mitchell Dec.") attached as Exhibit 2, at ¶ 5). Analytics was provided with a list that contained the names and last-known mailing addresses for 2,364 Class Members. (*Id.* at ¶ 7). On January 6, 2023, Analytics mailed by first-class mail the

---

[1] A detailed description of the procedural history of this case is set forth in the Parties' Joint Motion for Final Approval of FLSA Settlement and Preliminary Approval of Rule 23 Class Action Settlement ("Motion for Preliminary Approval") (ECF No. 35).

Court-approved "Notice of Class Action Settlement" to the Class Members. (*Id.* at ¶ 8). On April 14, 2023, Analytics mailed Court-approved "Notice of Class Action Settlement" to additional Class Members (*Id.* at ¶ 11). As of May 8, 2023, a total of 269 notices were returned as undeliverable. Analytics was able to trace and re-mail notices to 147 of those class members. (*Id.* at ¶¶ 12-13).

The Notices mailed on January 6, 2023 gave Class Members until March 7, 2023 to object to the settlement. The Notices mailed on April 14, 2023 gave Class Members until May 15, 2023 to object to the settlement. As of the date of this Motion, one (1) request for exclusion has been received and no objections have been received (*Id.* at ¶ 15). Prior to the Fairness Hearing, the Parties will advise the Court if any objections are received. No objections are presently anticipated. Having completed the notice process, Representative Plaintiffs now move this Court for final approval of the settlement.

## II. LAW AND ANALYSIS

### A. The Standard For Approval Of A Class Action Settlement.

"Before approving a binding settlement, the Court must conclude that it is 'fair, reasonable, and adequate.'" *Kis v. Covelli Enters.*, No. 4:18-cv-54, 2020 U.S. Dist. LEXIS 93929, at *7 (N.D. Ohio May 29, 2020) (citing Fed.R.Civ.P. 23(e)(2)); *UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007). Under Fed.R.Civ.P. 23(e)(2), when making this determination Courts must consider whether:

(A) the class representatives and class counsel have adequately represented the class;

(B) the proposal was negotiated at arm's length;

(C) the relief provided for the class is adequate, taking into account:

(i) the costs, risks, and delay of trial and appeal;

      (ii)      the effectiveness of any proposed method of distributing relief to the class, including the method of processing class member claims;

      (iii)      the terms of any proposed award of attorney's fees, including timing of payment; and

      (iv)      any agreement required to be identified under Rule 23(e)(3); and

(D)      the proposal treats class members equitably relative to each other.

Additionally, when determining whether a class action settlement is fair, reasonable, and adequate, Courts consider: (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest. *Kis*, 2020 U.S. Dist. LEXIS 93929 at *8. Courts consider these same factors when considering approval of a settlement of an FLSA collective action. *See, e.g., White v. Premier Pallet & Recycling, Inc.*, No. 5:18-cv-1460, 2018 U.S. Dist. LEXIS 174414, at *3 (N.D. Ohio Oct. 10, 2018)

      **B.**      **The Standard For Final Approval of a Class Action Has Been Met.**

In the Parties' Motion for Preliminary Approval, the Parties analyzed each of the seven factors used in the Sixth Circuit to determine whether a class action settlement is fair, reasonable, and adequate. (*See*, Dkt. No. 35). The arguments set forth in the Motion for Preliminary Approval also demonstrate why settlement should be approved under the factors set forth in Fed.R.Civ.P. 23(e)(2).

First, Representative Plaintiffs and class counsel have adequately represented the Collective and the Class, and the settlement was negotiated at arm's length. The settlement was reached after the exchange of information, documents, and electronically stored information that

allowed the parties to evaluate the strengths and weaknesses of their positions. Through their settlement discussions, the Parties also had the opportunity to debate the factual and legal issues in this case. The Parties ultimately reached an agreement after a full day mediation to resolve this matter on terms that, in Class Counsel's opinion, represents a substantial recovery by the Collective and the Class without the inherent risk of loss should this case continue through litigation, trial, and appeal. Moreover, the settlement was reached after each Party had the opportunity to evaluate Defendant's time and payroll data to determine the potential damages at issue if this case were to continue and if Plaintiffs were to prevail on the merits.

Second, the relief provided by the settlement is adequate. As set forth in the Motion in Support of Preliminary Approval, if this case did not settle, the Parties would engage in complex and lengthy litigation that could result in no recovery at all by the Collective and the Class. Furthermore, even if the Collective and the Class were to prevail on the merits, the amount of recovery is uncertain and something upon which the Parties continue to disagree. In contrast, the settlement provides substantial relief on a class-wide basis, without any risk of loss. Indeed, the settlement in this case exceeds the "expected value" calculation performed by Class Counsel, which Class Counsel uses as a guidepost to determine whether a proposed settlement would be a fair and adequate settlement of a class action. (*See* Dkt. No. 35-4)

Moreover, the results of the notice process weigh strongly in favor of approval. Out of 2,364 notices that were mailed, no members objected to the Settlement.

Finally, the settlement treats Class Members equitably relative to each other. Under the terms of the settlement, individual payments to Class Members will be calculated proportionally based on the number of workweeks each Class Member worked during the period of September 28, 2020 through May 16, 2022. As such, each Class Member will be compensated for alleged

unpaid wages in an amount that is proportional to the amount of time he or she was employed by Defendant within the period of time covered by the settlement.

In sum, the settlement confers substantial benefits on Class Members, eliminates any risk of loss should this case continue to be litigated, was negotiated on an arm's length basis, and is in the best interest of the Class. Accordingly, for the reasons addressed herein and in the Motion for Preliminary Approval, Representative Plaintiffs respectfully request that the Court approve this settlement and enter the proposed Final Order and Judgment Entry attached as Exhibit 1.

**C. The Court Should Approve The Payment of Attorneys' Fees and Costs to Class Counsel.**

For the reasons set forth in the Joint Motion for Preliminary Approval, the Court should also grant final approval of the award of attorneys' fees to Class Counsel in the amount of $266,666.67, representing one-third of the settlement fund. As noted in the Joint Motion for Preliminary Approval, "[i]n FLSA collective actions in Ohio, courts have almost uniformly awarded attorney's fees that constituted one-third of the fund." *Carr v. Bob Evans Farms*, No. 1:17-CV-1875, 2018 U.S. Dist. LEXIS 228221, at *10-11 (N.D. Ohio July 27, 2018); *see also Osman v. Grube, Inc.*, No. 3:16-cv-00802-JJH, 2018 U.S. Dist. LEXIS 78222, at *6 (N.D. Ohio May 4, 2018) ("Courts readily approve the percentage-of-the-fund method when a plaintiff obtains an exceptional result and avoids extended litigation time and costs").

This conclusion was recently reiterated in *Harsh v. Kalida Mfg.*, No. 3:18-cv-2239, 2021 U.S. Dist. LEXIS 175869, at *20 (N.D. Ohio Sep. 13, 2021). In *Harsh*, the Court held that while a Court can utilize either the percentage-of-the-fund or the Lodestar approach to determine whether an award of attorneys' fees is reasonable, the percentage-of-the-fund approach is more appropriate in class and collective actions, as it "rewards counsel for success and penalizes it for failure." *Id.* at *19-20. The Court further noted that the Lodestar method was more appropriate in wage and

6

hour cases that "involve relatively small claims and therefore small amounts of damages in question," because "counsel for employees will inevitably be required to expend substantial resources and time, sometimes accruing fees several times greater than the value of damages in the case." *Id.* at *20. In contrast, in cases involving a common settlement fund the Court found that it "sees no compelling reason, let alone any reason, to deviate from" a request for one-third of the fund. *Id.*

Accordingly, Class Counsel respectfully requests that the Court find that attorneys' fees in the amount of one-third of the settlement fund is reasonable in this case. Class Counsel also requests that the Court approve reimbursement of $10,915.26 in litigation expenses, as these were incurred in the prosecution of claims and in obtaining settlement. *See, e.g., Harsh*, 2021 U.S. Dist. LEXIS 175869 at *23 ("Under the common fund doctrine, Class Counsel is entitled to reimbursement of all reasonable out-of-pocket expenses and costs incurred in the prosecution of claims and in obtaining settlement").

### D. The Court Should Approve Service Awards For Representative Plaintiffs

Finally, Representative Plaintiffs request that the Court approve payments of $6,000 each to Representative Plaintiffs. Service awards are meant to "compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." *Dillworth v. Case Farms Processing, Inc.*, No. 5:08-cv-1694, 2010 U.S. Dist. LEXIS 20446, at *17 (N.D. Ohio Mar. 8, 2010). Plaintiffs contributed significant time, effort, and detailed factual information enabling Plaintiffs' counsel to evaluate the strength of this case, and reach a settlement of this matter that, in Counsel's opinion, fairly and adequately compensates the class for alleged unpaid wages. As such, the time and efforts Plaintiffs provided supports the requested service payments.

### III. CONCLUSION

For the foregoing reasons, Representative Plaintiffs respectfully request that this Court enter the Proposed Order, attached as Exhibit 1:

1. Granting final approval of the Parties' settlement of the class action claims;

2. Granting final approval of a payment to Class Counsel of $266,666.67 in attorney's fees and $10,915.26 in litigation expenses;

3. Granting final approval of Service Awards to Representative Plaintiffs in the amount of $6,000 each; and

4. Dismissing this case with prejudice.

Respectfully Submitted,

**NILGES DRAHER LLC**

*/s/ Hans A. Nilges*
Hans A. Nilges (0076017)
7034 Braucher Street N.W., Ste. B
North Canton, OH 44720
Telephone: (330) 470-4428
Fax: (330) 754-1430
hans@ohlaborlaw.com

Jeffrey J. Moyle (0084854)
1360 E. 9th Street, Suite 808
Cleveland, OH 44114
Telephone: (216) 230-2955
Fax: (330) 754-1430
jmoyle@ohlaborlaw.com

*Counsel for Representative Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 11, 2023, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Hans A. Nilges
Counsel for Representative Plaintiffs