IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jordan Purvis, etc., et al.,                                    Case No. 3:21 CV 1738

                              Plaintiffs,            ORDER GRANTING PLAINTIFFS'
                                                    MOTION FOR FINAL APPROVAL
              -vs-                                   <u>OF CLASS ACTION SETTLEMENT</u>

OSL Retail Services Corporation,                    JUDGE JACK ZOUHARY

                              Defendant.


Representative Plaintiffs Jordan Purvis, Jacqueline Donnell, and Sydni Remington ("Plaintiffs") have moved this Court for final approval of the settlement of Ohio, Pennsylvania, and New York state law claims brought pursuant to Fed. R. Civ. P. 23(e). Having reviewed the Settlement Agreement, as well as the Representative Plaintiffs' Motion, the Declaration appended thereto, and the pleadings and papers on file in this Action, and for good cause established therein, this Court hereby enters this Order granting final approval of the Parties' class action settlement agreement as follows:

1.      On September 7, 2021 Representative Plaintiff Jordan Purvis filed his Class and Collective Action Complaint on behalf of himself and other similarly situated employees.  In his Complaint, Representative Plaintiff alleged that Defendant violated the Fair Labor Standards Act ("FLSA") and the Ohio Minimum Fair Wage Standards Act ("OMFWSA") by failing to pay Representative Plaintiff and the Class Members for all hours worked, resulting in unpaid overtime. (ECF No. 1).

2.      On September 29, 2021, Representative Plaintiffs Jordan Purvis, Jacqueline Donnell, and Sydni Remington filed an Amended Complaint.  In their Amended Complaint, Representative Plaintiffs alleged that Defendant violated the FLSA, OMFWSA, Pennsylvania state laws, and New York state laws by failing to pay Representative Plaintiffs and the Class Members for all hours worked, resulting in unpaid overtime. (ECF No. 8). Representative Plaintiff Jordan Purvis alleged a Class Action under Fed. R. Civ. P. 23 on behalf of himself and other similarly situated employees who worked in Ohio (the "Ohio Class"), Jacqueline Donnell alleged a Class Action under Fed. R. Civ. P. 23 on behalf of herself and other similarly situated employees who worked in Pennsylvania (the "Pennsylvania Class"), and Sydni Remington alleged a Class Action under Fed. R. Civ. P. 23 on behalf of herself and other similarly situated employees who worked in New York (the "New York Class"). (ECF No. 8).

3.      November 1, 2021, Defendant filed its Answer to the Complaint and Amended Complaint, denying that it had failed to compensate its employees for all hours worked, denying all alleged violations of law, and asserting affirmative defenses to same.  (ECF No. 13).

4.      The Parties engaged in a private mediation on May 16, 2022. At the conclusion of a full day of mediation, during which the Parties were able to debate the merits and alleged damages at issue in the Action, the Parties reached an agreement to resolve all claims asserted in the Action. The settlement negotiations culminated in a proposed agreement to settle the case on a collective basis pursuant to the FLSA, and on a class-wide basis for the Ohio, Pennsylvania, and New York Classes under Fed. R. Civ. P. 23.

5.      On September 19, 2022, Representative Plaintiffs Jordan Purvis, Jacqueline Donnell, and Sydni Remington filed a Second Amended Complaint.  In their Second Amended Complaint, Representative Plaintiffs alleged that Defendant violated the FLSA, OMFWSA, Pennsylvania state

2

laws, and New York state laws by failing to pay Representative Plaintiffs and the Class Members for all hours worked and for failing to include bonuses and/or commissions in Representative Plaintiffs' and the Class Members' regular rate of pay for purposes of calculating overtime compensation, resulting in unpaid overtime compensation.  (ECF No. 34).

6.      The Parties jointly moved this Court for preliminary approval of the Class Settlement on September 20, 2022.  (ECF No. 35).   This Court granted preliminary approval of the Class Settlement on September 27, 2022 and ordered that Notice of Class Action Settlement be distributed to the members of the Classes.  (ECF No. 36).

7.      Representative Plaintiffs have filed a Declaration from the Settlement Administrator verifying that notices were distributed in the form and manner approved by this Court.  One Class Member requested that she be excluded from the Class Settlement.

8.      No objections to the Class Settlement have been received by the Settlement Administrator.

9.      A Fairness Hearing was held on May 18, 2023. No Class Members appeared at the Fairness Hearing.

10.      This Court finds that the members of the Classes were given adequate notice of the pendency of this Action, the proposed settlement, and the date of the Fairness Hearing as ordered by this Court. This Court further finds that the notice was reasonable and the best notice practicable and satisfied the requirements of Fed. R. Civ. P. 23 and due process.

11.      This Court finds that the proposed settlement satisfies the standard for final approval of a class action settlement under Fed. R. Civ. P. 23(e). The proposed settlement class satisfies Rule 23(a)'s requirements of commonality, numerosity, typicality, and adequacy of representation, as well as Rule 23(b)'s requirements of predominance and superiority. Representative Plaintiffs

3

Jordan Purvis, on behalf of the Ohio Class, Jacqueline Donnell, on behalf of the Pennsylvania Class, and Sydni Remington, on behalf of the New York Class, are adequate representatives of their respective Classes, in that each is a member of the Class and possesses the same interests and suffered the same injuries as the other Class members. Each Class's definition encompasses persons with like factual circumstances and like claims. The settlement payments made available to the members of the Classes are commensurate with their alleged claims. This Court finds that the proposed settlement is fair, reasonable, and adequate as to the Classes, and qualifies for final approval under Rule 23(e).

12.     This Court approves the Settlement Agreement and orders that it be implemented according to its terms and conditions.

13.     This Court therefore orders that class payments be distributed to Class Members in the manner described in the settlement agreement.  The total settlement payment, after deduction of the service awards to Representative Plaintiffs, attorneys' fees and litigation reimbursements to Plaintiff's Counsel, and Settlement Administration costs, is to be distributed to the Representative Plaintiffs and members of the Classes based on the proportional percentage of workweeks worked by each Class Member in relation to the total number of workweeks worked by Class Members and the FLSA Collective Members collectively.

14.     This Court approves the Service Awards to Representative Plaintiffs, and orders that such payments be made in the manner, and upon the terms and conditions, set forth in the Settlement Agreement.

15.     This Court approves the payment of attorneys' fees and costs as provided in the Settlement Agreement, and orders that such payments be made in the manner, and upon the terms and conditions set forth in the Settlement Agreement.

4

16.     This Court approves the payment of Settlement Administration costs as provided in the Settlement Agreement, and orders that such payments be made in the manner, and upon the terms and conditions set forth in the Settlement Agreement.

17.     Representative Plaintiffs and the Class Members release claims against Defendant as provided in the Settlement Agreement.

18.     This Court dismisses this action with prejudice.  The Parties are to bear their respective attorneys' fees and costs except as provided in the Settlement Agreement.  This Court retains jurisdiction over this Action for the purpose of enforcing the Settlement Agreement.  There being no just reason to delay entry of this Final Order, this Court orders the Clerk of Court to enter this Final Order immediately, along with Entry of Judgment thereon.

IT IS SO ORDERED.

_____s/ *Jack Zouhary*_____
JACK ZOUHARY
U. S. DISTRICT JUDGE

May 25, 2023

5